

**BOSTON & MAINE CORPORATION**
**MAINE CENTRAL RAILROAD COMPANY**
**SPRINGFIELD TERMINAL RAILWAY COMPANY**

IRON HORSE PARK
NO. BILLERICA, MASS. 01862

## LAW DEPARTMENT
(978) 663-1029

March 11, 2005

Ms. Elizabeth A. French
Clerk to the
Honorable Michael A. Ponsor
United States District Court
District of Massachusetts
Western Division
1550 Main Street
Springfield, MA 01103

**By Fax (413) 785-0204**
**and Federal Express**



Re: New England Central RR. Co. v. Springfield Terminal Rlwy. Co., et. al.
C.A. No. 04-30235-MAP

Dear Ms. French:

As we discussed yesterday, I am writing to you to clarify why the parties to the above-referenced action believe that the hearing on defendants' motion to dismiss presently scheduled for March 15, 2005 is premature. While the shortest explanation of the current procedural posture of this matter is that plaintiff has filed its amended complaint and consented to permit defendants until March 17, 2005 to answer or otherwise respond to the amended complaint, below is synopsis of the events that have occurred to lead us to the present posture.

1. In response to the original complaint filed by plaintiff (Docket Instrument ["DI"] #1), defendants filed a motion to dismiss (DI #6);
2. plaintiff then filed a motion for leave to amend the original complaint (DI #11);
3. defendants filed an opposition to the motion for leave to amend because no such motion is required pursuant to FRCP 15(a) in light of the fact that defendants had not yet responded to the complaint at the time of amendment (DI #13);
4. in response to this opposition, plaintiff filed a motion to withdraw the motion for leave to amend (DI #17), and filed the amended complaint (DI #16);
5. the court subsequently granted plaintiff's motion to withdraw the motion for leave to amend on February 28, 2005, though this order did not affect the filing of the amended complaint.

Consequently, the amended complaint has been filed by plaintiff, and defendants intend to answer or otherwise respond by March 17th, thereby making defendants' original motion to dismiss moot and obviating the need for a hearing until such time as defendants respond.

I trust that this letter will clarify the procedural posture of this matter, and the parties respectfully request that the Court to remove the scheduled March 15, 2005 hearing from its docket pending defendants' response to the amended complaint. If you should have any questions or comments, please do not hesitate to contact me.

Sincerely,

Robert B. Culliford
Corporate Counsel

cc:   Richard A. Davidson, Jr., Esq.