UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CENTRAL RAILROAD, INC.,<br>Plaintiff/Defendant-in-Counterclaim,<br><br>v.<br><br>SPRINGFIELD TERMINAL RAILWAY COMPANY and BOSTON AND MAINE CORPORATION,<br>Defendants/Plaintiffs-in-Counterclaim. | Civil Action No.:  04-30235-MAP |

## NEW ENGLAND CENTRAL RAILROAD, INC.'S ANSWER TO COUNTERCLAIMS

The plaintiff/defendant-in-counterclaim, New England Central Railroad, Inc. ("NECR"), hereby responds to and answers the defendant/plaintiffs-in-counterclaims, Springfield Terminal Railway Company ("STRC") and Boston and Maine Corporation's ("B&M") *Counterclaim*, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 6 of the *Counterclaim*.

7. Admitted.

8. Admitted to so much of the allegations that the STRC operates trains on the Line, but the NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 8 of the *Counterclaim*.

9. Admitted.

10. Admitted.

11. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 11 of the *Counterclaim*.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 17 of the *Counterclaim*.

18. Denied.

19. Admitted.

20. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 20 of the *Counterclaim*.

21. Denied.

22. Admitted.

23. Admitted.

24. Denied.

25. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 25 of the *Counterclaim*.

26. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 26 of the *Counterclaim*.

27. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 27 of the *Counterclaim*.

28. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 28 of the *Counterclaim*.

29. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 29 of the *Counterclaim*.

30. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 30 of the *Counterclaim*.

31. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 31 of the *Counterclaim*.

32. Denied.

### First Counterclaim – Breach of the Interstate Commerce Act and an Order Issued Thereunder

33. NECR repeats and incorporates by reference ¶ 1 through ¶ 33 of its answer as if fully set forth herein.

34. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 34 of the *Counterclaim*.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 43 of the *Counterclaim*.

44. Denied.

45. Denied.

WHEREFORE, the New England Central Railroad, Inc. demands judgment against the Boston and Maine Corporation and Springfield Terminal Railway Company on their *Counterclaims* together with interest, costs, attorney's fees and such other relief as this Court deems just and proper under the circumstances.

### Second Counterclaim – Breach of Contract

46. NECR repeats and incorporates by reference ¶ 1 through ¶ 45 of its answer as if fully set forth herein.

47. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 47 of the *Counterclaim*.

48. Denied.

49. Denied.

50. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 50 of the *Counterclaim*.

4

51. Denied.

WHEREFORE, the New England Central Railroad, Inc. demands judgment against the Boston and Maine Corporation and Springfield Terminal Railway Company on their *Counterclaims* together with interest, costs, attorney's fees and such other relief as this Court deems just and proper under the circumstances.

### Third Counterclaim – Negligence

52. NECR repeats and incorporates by reference ¶ 1 through ¶ 51 of its answer as if fully set forth herein.

53. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 53 of the *Counterclaim*.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

WHEREFORE, the New England Central Railroad, Inc. demands judgment against the Boston and Maine Corporation and Springfield Terminal Railway Company on their *Counterclaims* together with interest, costs, attorney's fees and such other relief as this Court deems just and proper under the circumstances.

### Fourth Counterclaim – Gross Negligence

59. NECR repeats and incorporates by reference ¶ 1 through ¶ 58 of its answer as if fully set forth herein.

60. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 60 of the *Counterclaim*.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

WHEREFORE, the New England Central Railroad, Inc. demands judgment against the Boston and Maine Corporation and Springfield Terminal Railway Company on their *Counterclaims* together with interest, costs, attorney's fees and such other relief as this Court deems just and proper under the circumstances.

### Fifth Counterclaim – Willful Misconduct

66. NECR repeats and incorporates by reference ¶ 1 through ¶ 66 of its answer as if fully set forth herein.

67. NECR is without sufficient knowledge to form an opinion as to the truth of the allegations set forth in ¶ 67 of the *Counterclaim*.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, the New England Central Railroad, Inc. demands judgment against the Boston and Maine Corporation and Springfield Terminal Railway Company on their *Counterclaims* together with interest, costs, attorney's fees and such other relief as this Court deems just and proper under the circumstances.

### FIRST AFFIRMATIVE DEFENSE

And further answering, the NECR says that the acts complained of were not committed by a person or entity for whose conduct NECR was legally responsible.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the NECR says that the B&M and/or the STRC were negligent to a greater degree than the NECR and are therefore barred from recovery under the comparative negligence law of the Commonwealth of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the NECR says that the B&M and/or the STRC's claims are barred by the doctrines of waiver, estoppel or laches.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the NECR says that the counterclaim should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the NECR says that the counterclaim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the NECR says that to the extent that it had any obligations to the B&M and/or the STRC, such obligations have been fully, completely and properly performed in every respect.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the NECR says that the B&M and/or the STRC have failed to mitigate their damages, wherefore any damages awarded must be reduced by the degree of the failure to mitigate.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the NECR states that it fully and completely fulfilled its obligations under law, as well as by agreement and contract to the B&M and/or the STRC.

### NINTH AFFIRMATIVE DEFENSE

And further answering, the NECR says that the B&M and/or the STRC's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations.

### TENTH AFFIRMATIVE DEFENSE

And further answering, the NECR says that to the extent that it had any obligations to the B&M and/or the STRC, such obligations have been fully, completely and properly performed in every respect.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the NECR says that the B&M and/or the STRC's recovery, if any, must be diminished in accordance with M.G.L. c. 231, § 85 by the proportion of negligence which is attributable to them.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, the NECR says that any alleged negligence it may have committed was superseded and/or replaced by the conduct of the B&M and/or the STRC, or of third persons over whom the NECR exercised no responsibility or control.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the NECR says the B&M and/or the STRC have failed to mitigate their damages, wherefore any damages awarded must be reduced by the degree of the B&M and/or the STRC's failure to mitigate.

NECR hereby gives notice that it intends to rely upon such other and further affirmative defenses that may become available or apparent during discovery and reserves the right to amend this answer to assert such defenses.

### JURY DEMAND

The NECR demands a trial by jury as to all issues.

> Respectfully submitted,
> NEW ENGLAND CENTRAL RAILROAD, INC.,
> by its attorneys,
>
> /s/ Richard A. Davidson, Jr.
> Michael B. Flynn            BBO# 559023
> Richard A. Davidson, Jr.    BBO# 552988
> FLYNN & ASSOCIATES, P.C.
> 400 Crown Colony Drive, Suite 200
> Quincy, MA 02169
> (617) 773-5500

Dated: March 22, 2006