**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

---

NEW ENGLAND CENTRAL
RAILROAD, INC.,

        Plaintiff,

      -v.-                                   Civil Action No. 04-30235-MAP

SPRINGFIELD TERMINAL
RAILWAY COMPANY, et al.,

        Defendants.

---

**MEMORANDUM OF REASONS
IN SUPPORT OF DEFENDANTS' SECOND MOTION
TO COMPEL DISCOVERY**

The defendants, Springfield Terminal Railway Company and Boston and Maine

Corporation, have made a second motion to compel the plaintiff, New England Central Railroad,

Inc. ("NECR") to respond to the defendants' interrogatories and requests for production of

documents.

**<u>Facts</u>**

The defendants made their first motion to compel on September 18, 2006 [Docket Nos.

39-40] because NECR was late in responding to the defendants' interrogatories and requests for

production of documents, and had not provided a privilege log.  Declaration of Eric L.

Hirschhorn ("Hirschhorn Declaration") ¶ 2.  NECR responded to that motion by providing only a

single document—the General Code of Operating Rules that is used by NECR and a number of

other railroads. *Id.* NECR's interrogatory responses also were incomplete in a number of respects. *Id.*

On October 16, 2006, counsel for NECR (Richard A. Davidson, Jr., Esq.) and Mr. Hirschhorn discussed the shortcomings of NECR's responses. *Id.* ¶ 3. At Mr. Davidson's request, Mr. Hirschhorn sent him a letter the following day detailing the principal documents and interrogatory responses that the defendants had expected to receive but that NECR had not provided. *Id.* ¶ 3 & Exh. A. Specifically, the missing items are:

- Weekly and semiweekly track inspection reports covering the Line, from January 1, 2002 to the present time. These are different from the monthly track reports that were produced as part of NECR's initial disclosures under Rule 26(a)(1).

- All documents relating to the derailment that is the subject of the action, including all versions (draft and final) of any reports furnished to the Federal Railroad Administration in respect of the derailment, internal memoranda (handwritten and otherwise), and the like.

- All documents relating to or addressing the Federal Railroad Administration track inspection conducted on the Line in June 2005, including any plans for responding to or addressing the results of that inspection.

- All documents relating to actual or possible disciplinary action affecting individuals responsible for the condition of the track on the Line between January 1, 2002 and the present time.

- All recordings (including written transcripts and summaries thereof) of conversations between the ST/B&M crew of the train that derailed and the individuals responsible for dispatching the Line on behalf of NECR.

- The agreements between NECR and Amtrak.

- All correspondence between NECR (or its agents) and Amtrak since January 1, 2002 regarding track conditions and slow orders on the Line, as well as incentive payments.

- Copies of any slow orders governing the Line between April 1, 2005 and July 4, 2005.

- All correspondence between NECR and its agents, on the one hand, and the contractors who performed repair work on the Line due to the derailment, on the other, relating to such repair work. We received considerable documentation of invoices and similar formal commercial items relating to this work as part of

NECR's initial disclosure but not the interchanges about the actual work to be performed.

*Id.* ¶ 3 & Exh. A.

In addition to the absence of the anticipated documents, NECR's responses to the

defendants' Interrogatories #10 and #15 contained various objections but no substantive

information. *Id.* ¶ 4 & Exh. A.  To the extent that NECR's objections were based upon the text

of Section 7.1 of the Interstate Commerce Commission's 1990 trackage rights order, the letter

reminded Mr. Davidson that the Surface Transportation Board's reconsideration decision, served

January 10, 2006, interpreted that provision to be inapplicable if there has been gross negligence

or willful misconduct on the part of NECR.  *Id.* ¶ 4 & Exh. A.  No review of the STB ruling was

sought, *see* 28 U.S.C. § 1336 (2000), and hence it is binding upon all parties.  The defendants are

entitled to the information sought in these interrogatories because it is reasonably calculated to

lead to admissible evidence that the derailment was caused by NECR's gross negligence or

willful misconduct.  Hirschhorn Declaration ¶ 4.

NECR's response to the defendants' Interrogatory #13 seemed to indicate that responsive

information exists but is claimed by NECR to be privileged.  *Id.* ¶ 5 & Exh. A.  The privilege log

that subsequently was provided to the defendants does not appear to address this issue, either.

*See id.* ¶ 5 & Exh. B.  Indeed, the privilege log does not address interrogatories at all but is

limited to documents.  *See id.* ¶ 5 & Exh. B.

Magistrate Judge Neiman's order of October 24, 2006 required NECR to provide its

privilege log no later than November 1.[1]  On the afternoon of the due date, Mr. Davidson e-

mailed Mr. Hirschhorn asking for two additional days to provide the log.  Hirschhorn

Declaration ¶ 6 & Exh. C.  Mr. Hirschhorn acceded to Mr. Davidson's request but asked the

whereabouts of the additional documents and interrogatory answers that had been the subject of counsels' discussion and Mr. Hirschhorn's letter in mid-October. *Id.* ¶ 6 & Exh. C. Mr. Hirschhorn finally received NECR's privilege log on November 6 but received no additional documents or interrogatory responses. *Id.* ¶ 7. On November 8, Mr. Hirschhorn e-mailed Mr. Davidson asking for a telephone conference on the missing materials. *Id.* Mr. Davidson was unable to confer until the following Monday—November 13. *Id.*

On November 13, 2006, counsel again discussed the missing items. *Id.* ¶ 8. Mr. Davidson indicated that he expected to be able to make them available by that Friday, November 17. *Id.* Counsel also discussed the status of discovery and the schedule of the case, and decided to file a joint motion seeking a three-month extension of the date (February 2, 2007) the Court had set for the pretrial conference and related filings. *Id.* That motion was filed that afternoon [Docket No. 47] and denied the following day.

Counsel were unable to coordinate a telephone conference until two days later (November 16). Hirschhorn Declaration ¶ 9. At that time Mr. Davidson reiterated his expectation of delivering the missing items by the 17th. *Id.* No materials were delivered on November 17, or the following Monday (November 20), or thus far today (November 20). *Id.* Mr. Hirschhorn telephoned Mr. Davidson on the morning of November 20, was told that Mr. Davidson was on another call, and left a message indicating that this motion to compel soon would be filed if the materials were not forthcoming. *Id.* Mr. Hirschhorn has received no response to that message. *Id.*

---

[1] This order also required the defendants to provide their discovery responses by November 1, 2006. In fact those responses had been provided to NECR on October 17, 2006.

## Argument

The Court is authorized to order a noncomplying party to make the disclosures required by the rules, including supplementing evasive or incomplete disclosures, answers, and responses. Fed. R. Civ. P. 37(a); Loc. R. 37.1.  The rules also authorize the Court to require payment by the party whose conduct necessitated the motion to pay the moving party's reasonable expenses. Fed. R. Civ. P. 37(a)(4).

The defendants have sought to cooperate with opposing counsel and to avoid involving this Court in the discovery process.  We do not doubt Mr. Davidson's good faith but for whatever reason, this approach has failed and the defendants now seek the Court's assistance for a second time.

## Conclusion

For the reasons set forth above, this Court should order NECR to produce the requested documents and provide full responses to Interrogatories 10, 13, and 15 forthwith.  Moreover, the Court should order NECR to pay the defendants' reasonable costs of bringing this motion.

Respectfully submitted,

Eric L. Hirschhorn
Winston & Strawn LLP
1700 K Street, NW
Washington DC 20006
202-282-5706

Robert B. Culliford (BBO #638468)
Iron Horse Park
1700 High Street
North Billerica MA 01862
978-663-1029

*Attorneys for Defendants Springfield Terminal Railway Company and Boston and Maine Corporation*

November 21, 2006