UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

NEW ENGLAND CENTRAL
RAILROAD, INC.,

    Plaintiff,

-v.-                                  Civil Action No. 04-30235-MAP

SPRINGFIELD TERMINAL
RAILWAY COMPANY, et al.,

    Defendants.

---

**MEMORANDUM OF REASONS
IN SUPPORT OF
UNOPPOSED MOTION FOR PERMISSION
TO DESIGNATE EXPERT WITNESS OUT OF TIME**

Springfield Terminal Railway Company and Boston and Maine Corporation ("ST/BM"), which are the defendants/counterclaimants herein, have moved, pursuant to Fed. R. Civ. P. 16(b), Loc. R. 16.1(g), and ¶ 1 of this Court's pretrial scheduling order of February 6, 2007 [Dkt. #54], for an order permitting ST/BM to designate their employee, Mr. Roger Bergeron, as an expert witness for ST/BM, after the deadline set for that action under the Court's pretrial scheduling order of March 17, 2006 [Dkt. #34].

Mr. Bergeron previously has been designated, and his deposition taken, as a non-expert witness for ST/BM in this action. Declaration of Roger Bergeron ("Bergeron Declaration"), ¶ 6. He is certified to inspect, restore, and renew railroad track under the Federal Railroad Administration's track safety regulations, *see* 49 C.F.R. § 213.7 (2006), and has many years of experience in the field of track safety and track construction. Bergeron Declaration ¶¶ 2-3.

Much of Mr. Bergeron's testimony about the derailment, the condition of NECR's track, and the cause of the derailment is expected to qualify as opinion testimony of a lay witness under Rule 701 of the Federal Rules of Evidence, and hence not to require his designation as an expert. ST/BM have realized, however, that some of his testimony may be viewed as being based upon "scientific, technical, or other specialized knowledge within the scope of Rule 702," in which case he must be designated as an expert for the testimony to be in order. Moreover, it is NECR's position that Mr. Bergeron's proposed testimony on these issues is scientific, technical and specialized and therefore subject to Rule 702. Accordingly, and in the interest of ensuring that the jury is offered a full understanding of the relevant facts, ST/BM wish to ensure that he is able to present testimony covered by Rule 702 as well as that covered by Rule 701.

Mr. Bergeron is an employee of ST/BM whose duties as such do not regularly involve giving expert testimony. Bergeron Declaration ¶ 4. His sole prior testimony as an expert occurred more than twenty years ago. *Id.* ST/BM accordingly believe that no expert report from him is required. *See* Fed. R. Civ. P. 26(a)(2)(B).[1] ST/BM have advised NECR of their willingness to make Mr. Bergeron available for a further deposition, should the Court permit his designation as an expert.

Mr. Michael Flynn, counsel for NECR, has advised counsel for ST/BM that NECR does not object to the designation of Mr. Bergeron on timeliness grounds but that NECR reserves its rights to depose Mr. Bergeron, *see* Fed. R. Civ. P. 26(b)(4)(A), to propound one or more rebuttal expert witnesses, *see* Fed. R. Civ. P. 26(a)(2)(C), to take the position that Mr. Bergeron is required to provide an expert report and disclosures required by Fed. R. Civ. P. 26(a)(2)(B), and

---

[1] Counsel for NECR has indicated that he may take the position that an expert report is required from Mr. Bergeron notwithstanding his status as a party employee whose duties do not regularly involve giving expert testimony.

2

to object to Mr. Bergeron's testimony on any ground other than timeliness, *see* Fed. R. Evid. 702.

ST/BM believe that there is good cause for this late designation, namely, the late realization that some of Mr. Bergeron's testimony may fall under Fed. R. Evid. 702 rather than Fed. R. Evid. 701. The Court's pretrial scheduling order [Dkt. #34], which was issued March 17, 2006, required that ST/BM make its expert designations by October 15, 2006, and that NECR make its expert designations by November 15, 2006. Neither side made an expert designation before its respective deadline, although counsel for the parties thereafter had discussed the possibility of late designation and discovery of experts.

Fed. R. Civ. P. 16(b) and Local Rule 16.1(g) permit modification of the initial scheduling order for good cause and with the approval of the Court. Moreover, the 1983 comments of the Advisory Committee on the Civil Rules indicate that in appropriate circumstances, this can be accomplished without the need for a formal motion. ST/BM provided a timely designation of Mr. Bergeron as a non-expert witness, but recognize that they also should have designated him as an expert under Rule 702 to ensure that if he is to offer technical testimony about this matter, the requisites of that rule are met.

ST/BM apologizes to the Court for any inconvenience that this late designation may occasion, and asks that the Court permit designation of Mr. Bergeron at this time under Rule 702. Should the Court grant this request, ST/BM will make Mr. Bergeron available promptly for a further deposition by NECR. It is NECR's position that if the late designation is allowed, a report and the disclosures required by Rule 26 should be produced prior to any such deposition.

Respectfully submitted,

*[signature]*

Eric L. Hirschhorn
Winston & Strawn LLP
1700 K Street, NW
Washington DC 20006
202-282-5706

Robert B. Culliford (BBO #638468)
14 Aviation Avenue
Portsmouth, NH 03801
(603) 766-2002

*Attorneys fo r D efendants/Counterclaimants
Springfield Terminal Railway Company
and Boston and Maine Corporation*

February 16, 2007