UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

NEW ENGLAND CENTRAL
RAILROAD, INC.,

    Plaintiff/Counterdefendant,

    -v.-                                              Civil Action No. 04-30235-MAP

SPRINGFIELD TERMINAL
RAILWAY COMPANY, et al.,

    Defendants/Counterclaimants.

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### REQUEST FOR HEARING AND/OR DECISION ON ITS
### MOTION TO STRIKE THE DECLARATION OF ROGER D. BERGERON

Defendants/counterclaimants Springfield Terminal Railway Company and Boston and Maine Corporation (collectively, "ST/BM"), hereby oppose what has been denominated "Plaintiff's *Request* for Hearing and/or Decision on Its Motion to Strike" [Dkt. #84] (emphasis added) but in effect is an emergency motion.

    1.      Roger Bergeron is a longtime employee of ST/BM who investigated the July 3, 2004 derailment ("Derailment") on behalf of ST/BM. The plaintiff, New England Central Railroad, Inc. ("NECR"), took Mr. Bergeron's deposition on January 11, 2007. Shortly thereafter, ST/BM realized that some of Mr. Bergeron's testimony arguably might come within the boundaries of Fed. R. Evid. 702. Accordingly, mindful of the 2000 amendment that eliminated "scientific, technical, or other specialized knowledge within the scope of Rule 702"

from the ambit of Rule 701, ST/BM moved to designate Mr. Bergeron as an expert witness and, in early February 2007, sought NECR's consent to the motion.

At that time (orally as well as in the motion), ST/BM offered to make Mr. Bergeron available for a second deposition—this time in his capacity as an expert. Nearly three months have passed. NECR has failed to take ST/BM up on that offer. Now, NECR asks this Court to drop whatever else it may be doing and to rescue NECR from its own inaction. The Court should decline NECR's invitation.

2.  As noted above, NECR already has taken the testimony of Mr. Bergeron as a fact witness. There is little if anything in the testimony he has adduced in support of ST/BM's motion for partial summary judgment [Dkt. #59-#63] that goes beyond what ST/BM and he already have said. *See e.g.,* Pre-Trial Conference Memorandum [Dkt. #53-1], at 7-9 (outlining ST/BM's view of the case) (filed Jan. 29, 2007). ST/BM designated him as an expert witness not because his expert testimony would differ from his lay-witness testimony but because his testimony might be viewed as constituting "scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701(c).

3.  ST/BM's unopposed motion to designate Mr. Bergeron as an expert [Dkt. #55, at 1] expressed ST/BM's view that because he is an employee of ST/BM whose duties do not regularly include giving expert testimony,[1] Fed. R. Civ. P. 26(a)(2)(B) does not require that he provide an expert report. At NECR's insistence, ST/BM included in that motion NECR's statement disagreeing with this position—in effect, a request by NECR that the Court order the production of such a report: "It is the NECR's position that, if the late designation is allowed, a

---

[1] In fact, in Mr. Bergeron's 36 years with ST/BM and their predecessors, he has given expert testimony only once previously. Declaration of Roger Bergeron in Support of Defendants' Unopposed Motion for Permission to Designate Expert Witness Out of Time [Dkt. #57], ¶ 4.

report and the disclosures required by Rule 26 be produced prior to any such deposition." Dkt. #55, at 1-2.

The Court granted ST/BM's motion on February 21, 2007 but did not order that Mr. Bergeron produce an expert report. In the ensuing two and one-half months, NECR neither has taken the second deposition of Mr. Bergeron that ST/BM has offered nor—until this late date—moved this Court for an order requiring Mr. Bergeron to produce an expert report. Whether NECR's lengthy silence reflects an effort to set a trap for ST/BM or merely inattention, it should not be rewarded.

4.  Finally, although NECR calls its filing a "request," in substance it is a motion. As such, Local Rule 7.1 requires counsel for NECR to confer with counsel for ST/BM prior to filing and to certify that such a conference has occurred. NECR has not complied with either requirement. Had NECR done so, ST/BM would have reiterated yet again its willingness to make Mr. Bergeron available for a second deposition in his capacity as an expert witness.

5.  ST/BM is preparing its opposition to NECR's motion to strike [Dkt. #77] and anticipates filing it, as required by Local Rule 7.1(b)(2), not later than this Thursday, May 10, 2007.

Accordingly, NECR's "request" should be denied.

Respectfully submitted,

_____
Eric L. Hirschhorn
Debra R. Coletti
Winston & Strawn LLP
1700 K Street, NW
Washington DC 20006
202-282-5700

        Robert B. Culliford (BBO #638468)
        Pan Am Systems, Inc.
        Pease International Tradeport
        14 Aviation Drive
        Portsmouth NH 03801
        603-766-2002

        *Attorneys for Defendants/Counterclaimants*
          *Springfield Terminal Railway Company*
          *and Boston and Maine Corporation*

May 8, 2007