UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW ENGLAND CENTRAL | ) | |
| RAILROAD, INC., | ) | |
|       Plaintiff | ) | |
| | ) | |
|       v. | ) | CIVIL ACTION NO. 04-30235-MAP |
| | ) | |
| SPRINGFIELD TERMINAL | ) | |
| RAILWAY COMPANY and | ) | |
| BOSTON AND MAINE | ) | |
| CORPORATION, | ) | |
|       Defendants | ) | |

MEMORANDUM AND ORDER REGARDING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT,
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION TO STRIKE
(Dkt. Nos. 59, 65 & 77)

July 24, 2007

PONSOR, D.J.

In the early hours of July 3, 2004, a nineteen-car freight train belonging to Defendant Springfield Terminal Railway Company ("STRC") -- a subsidiary of Defendant Boston and Maine Corporation ("B&M") -- derailed when the wheels of the sixth box car lifted off the rails. The train crew failed to recognize the derailment and dragged this car for approximately five miles, until it caused several other cars to derail, resulting in a major pile-up. The track upon which the incident occurred belonged to Plaintiff New

England Central Railroad, Inc. ("NECR").

Plaintiff asserts that Defendants are responsible for the damages it incurred as a result of the derailment. Its ten-count amended complaint alleges: failure to obey an order of the Surface Transportation Board ("STB") in violation of 49 U.S.C. § 11704(a) (Counts I and II); failure to obey an order of the STB to pay damages specified under an agreement between the parties in violation of 49 U.S.C. §§ 11704(b) and (c) (Counts III and IV); breach of contract (Counts V and VIII); negligence (Counts VI and IX); and gross negligence and reckless conduct (Counts VII and X).

Defendants deny Plaintiff's allegations and charge that Plaintiff's negligent maintenance of its track led to damage to their train. They have filed a five-count counterclaim asserting: breach of the Interstate Commerce Act ("ICA") and an order issued thereunder (Count I); breach of contract (Count II); negligence (Count III); gross negligence (Count IV); and willful misconduct (Count V).

Presently pending are the parties' cross-motions for summary judgment as to liability and Plaintiff's motion to strike the declaration of Roger D. Bergeron. For the reasons set forth below, Plaintiff's motion for summary

-2-

judgment (Dkt. No. 65) is hereby DENIED with respect to all
ten Counts of the amended complaint, DENIED with respect to
Count I of the counterclaim, and ALLOWED with respect to
Counts II-V of the counterclaim; Defendants' motion for
partial summary judgment (Dkt. No. 59) is hereby DENIED with
respect to Counts I-IV of the amended complaint, ALLOWED
with respect to Counts V-X of the amended complaint, and
DENIED with respect to all five Counts of the counterclaim;
and Plaintiff's motion to strike the declaration of Roger D.
Bergeron (Dkt. No. 77) is hereby DENIED.

Although § 7.1 of the Trackage Rights Order ("TRO")
governing STRC's use of the line appears to fix liability
for this kind of accident upon the owner of the train,
regardless of the condition of the track -- see Nat'l R.R.
Passenger Corp.-- Conveyance of B&M Corp. Interests in Conn.
River Line in Vt. & N.H., 6 I.C.C.2d 539, 564 (1990) -- the
STB has determined that this provision does not absolve
Plaintiff of gross negligence that leads to a derailment.
See Boston & Me. Corp. v. New Eng. Cent. R.R. Co., STB Fin.
Dkt. No. 34612, 2006 WL 47366, at *2 (served Jan. 10, 2006)
("To construe . . . Section 7.1 as excusing gross negligence
and willful misconduct would not encourage safe operations,

and it would contravene well-established precedent that disfavors such indemnification provisions." (citing <u>Nat'l R.R. Passenger Corp. v. Consolidated Rail Corp.</u>, 698 F. Supp. 951, 971-72 (D.D.C. 1988), <u>rev'd on other grounds</u>, 892 F.2d 1066 (D.C. Cir. 1990); <u>Harris v. Howard Univ., Inc.</u>, 28 F. Supp. 2d 1, 14 (D.D.C. 1988))).

Plaintiff asserts that the STB's construction is not binding upon this court, and the court was at first drawn to this argument. The First Circuit, however, has characterized the STB as "uniquely suited to determine not only the purpose of" a trackage rights order, "but also the likely effect of the various interpretations on transportation policy." <u>Rymes Heating Oils, Inc. v. Springfield Terminal R. Co.</u>, 358 F.3d 82, 91 (1st Cir. 2004). Thus, the better view of the law is that, notwithstanding the plain language of § 7.1, evidence of the possible <u>gross</u> negligence by Plaintiff in maintaining the track where the derailment occurred should be considered by the factfinder in making a determination of liability.

Ultimately, because a reasonable jury, viewing the evidence of record in the light most favorable to Defendants, could find that Plaintiff was grossly negligent

in its maintenance of the track and that its gross negligence caused the derailment, Plaintiff is not entitled to summary judgment on any of the ten Counts set forth in its amended complaint or Count I of Defendants' counterclaim. On the other hand, because regulations promulgated by the Federal Railroad Administration ("FRA") cover the inspection and maintenance of railroad tracks, see, e.g., 49 C.F.R. § 213.7, Counts II-V of Defendants' counterclaim, offered only under common law theories, are preempted and must be dismissed, see CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 673-76 (1993); Ouellette v. Union Tank Car Co., 902 F. Supp. 5, 9-10 (D. Mass. 1995).[1]

Turning to Defendants' motion for partial summary judgment, the court finds that a reasonable jury, viewing the record evidence in the light most favorable to Plaintiff, could conclude that Plaintiff was not grossly negligent in its maintenance of the track or that any gross negligence on the part of Plaintiff was not the proximate

---

[1] Although Count I of the counterclaim requires Defendants to prove that Plaintiff's "gross negligence" caused the derailment, the relevance of this common law standard does not transform a cause of action pled under 49 U.S.C. § 11704 into a common law claim. Therefore, Count I of the counterclaim does not trigger the preemption provisions of 49 U.S.C. § 20106 and 49 C.F.R. § 213.2.

cause of the derailment.  Consequently, Defendants are not
entitled to judgment as a matter of law on Counts I-IV of
the amended complaint or Count I of their counterclaim.[2]

Defendants are entitled to summary judgment on
Plaintiff's breach of contract claims, Counts V and VIII,
however, because the provision of the TRO Defendants
allegedly breached was imposed by the Interstate Commerce
Commission ("ICC").  As Defendants have noted, during the
course of trackage rights negotiations between Plaintiff's
predecessor, Central Vermont Railway, Inc. ("CV"), and B&M,
the parties operated under an interim trackage rights
agreement (the "Interim Agreement"), which allocated

---

[2] Defendants contend that Counts I and II of the amended
complaint fail to state claims upon which relief may be granted
because recovery pursuant to 49 U.S.C. § 11704(a) requires a
claimant to show a failure to obey an order of the STB or ICC.
According to Defendants, even if they were to be found liable
for the derailment, their refusal to compensate Plaintiff for
its damages would not contravene any provision of the TRO.
     This argument is unavailing.  In imposing the TRO, the ICC
declared that each party "shall be responsible for and shall
assume all loss, damage or injury . . . to persons or property,
including the cost of removing any trackage, repairing trackage
and correcting environmental damage, which may be caused by its
engines, cars, trains or other on-track equipment."  Nat'l R.R.
Passenger Corp.-- Conveyance of B&M Corp. Interests in Conn.
River Line in Vt. & N.H., 6 I.C.C.2d 539, 564 (1990).  Thus,
in the absence of gross negligence by Plaintiff, Defendants'
refusal to compensate Plaintiff for damages resulting from the
accident constituted a failure to obey this order.

liability "in proportion to the respective fault of each [railroad] for the occurrence which gave rise to the liability."  (Dkt. No. 28, Ex. 1, Interim Trackage Rights Agreement Between CV and B&M §§ 7.1-7.2.)  Although the ICC adopted CV's proposal to revise this method of apportioning liability based, in part, on the absence of any objection by B&M, see Nat'l R.R. Passenger Corp.-- Conveyance of B&M Corp. Interests in Conn. River Line in Vt. & N.H., 6 I.C.C.2d 539, 554 (1990), it is clear that B&M did object by proposing the same language contained in the Interim Agreement.  (See Dkt. No. 28, Ex. 3, B&M's Proposed TRO §§ 7.1-7.2.)

Since Defendants did not assent to the terms of the indemnification provision the ICC ultimately imposed, any failure of their part to comply with § 7.1 cannot serve as the foundation for a common law breach of contract claim.

Defendants are also entitled to summary judgment with respect to Plaintiffs' claims for negligence and gross negligence -- Counts VI, VII, IX, and X of the amended complaint -- because FRA regulations clearly cover Defendants' allegedly negligent conduct.  See 49 C.F.R. §

213.9; <u>see also</u> <u>Easterwood</u>, 507 U.S. at 673-76; <u>Ouellette</u>,

902 F. Supp. at 9-10.  Thus the common law claims are pre-

empted.

Of course, having allowed Plaintiff's motion for summary

judgment with respect to Counts II-V of the counterclaim,

the court must deny Defendants' motion for summary judgment

with respect to these claims.

Finally, because Roger D. Bergeron is a longtime

STRC/B&M employee whose duties do not "regularly involve

giving expert testimony," Defendants were not required to

furnish an expert report pursuant to Fed. R. Civ. P.

26(a)(2)(B).  <u>See</u> <u>Bank of China v. NBM LLC</u>, 359 F.3d 171,

182 n.13 (2d Cir. 2004).  Bergeron's alleged

misrepresentations concerning the conditions of the track,

the FRA geometry testing, and circumstances surrounding the

derailment are proper subjects for cross-examination; they

do not warrant an order that would require, in effect, a

judgment on the merits in favor of Plaintiff.  Should

Plaintiff wish to depose Bergeron a second time it may do so

provided that the deposition lasts no more than three hours

and that it be taken no later than August 24, 2007.

In sum, this case will proceed to trial on Counts I-IV of the amended complaint and Count I of the counterclaim. Pursuant to the court's order of February 6, 2007 (Dkt. No. 54), motions <u>in</u> <u>limine</u> will be filed by August 10, 2007 and opposed by August 24, 2007.  Proposed jury instructions and <u>voir</u> <u>dire</u> questions will be filed by September 10, 2007. Trial is set for September 17, 2007 at 9 a.m..

Counsel are hereby reminded that due to the court's congested trial docket the case may actually be called to trial on September 17th or any day during the four weeks following.  Counsel should stay in touch with the courtroom deputy, Elizabeth French, to confirm the actual date for trial.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
U. S. District Judge