UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

NEW ENGLAND CENTRAL
RAILROAD, INC.,

    Plaintiff/Counterdefendant,

    -v.-                                     Civil Action No. 04-30235-MAP

SPRINGFIELD TERMINAL
RAILWAY COMPANY, et al.,

    Defendants/Counterclaimants.

---

## DEFENDANTS' MOTIONS *IN LIMINE*

Pursuant to this Court's Order of February 6, 2007 [Dkt. #54], Springfield Terminal Railway Company and Boston and Maine Corporation (collectively, "ST/BM"), who are the defendants/counterclaimants herein, move for the following relief *in limine*.

1.    The Court should prohibit the plaintiff, New England Central Railroad, Inc. ("NECR") from introducing evidence in its direct (or rebuttal) case about the cause of the Derailment. When deposed, NECR employees (including NECR's Rule 30(b)(6) witness regarding track conditions, Michael Lawyer) professed lack of knowledge of the cause or uncertainty whether NECR had established a cause.

2.    NECR did not designate an expert on the issue of trainmen's standard of care. Accordingly, the Court should prohibit NECR from adducing evidence in its direct (or rebuttal) case regarding such standard or whether the ST/BM train crew met such standard.

3. This Court has ruled that the liability standard under Section 7.1 of the ICC's 1990 Trackage Rights Order is gross negligence. The text of Section 7.1 accordingly is irrelevant as a matter of evidentiary fact. Even were it relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. The Court therefore should prohibit NECR from introducing Section 7.1 in evidence, publishing Section 7.1 to the jury, or otherwise making use of Section 7.1 within the hearing of the jury (though presumably this provision, as interpreted by the STB and the Court, will be reflected in the Court's instructions to the jury).

4. NECR has included in its list of trial exhibits the FRA accident report filed by ST/BM. Joint Pre-Trial Conference Memorandum, at 30 (Prop. Exh. #17). ST/BM timely objected to that exhibit. *Id.* at 33. The Court should bar use or introduction of the proposed exhibit because 49 U.S.C. § 20903 renders accident reports filed by railroads with the Federal Railroad Administration inadmissible in a party's direct case. The Court also should rule, though, that such reports may be used to refresh witnesses' recollections and may be used (including introduction into evidence) to impeach witnesses.

In support of this motion, ST/BM relies upon the annexed Memorandum of Reasons.

Respectfully submitted,

*(signature)*

Eric L. Hirschhorn
Debra R. Coletti
Winston & Strawn LLP
1700 K Street, NW
Washington DC 20006
202-282-5700

        Robert B. Culliford (BBO #638468)
        Pan Am Systems, Inc.
        Pease International Tradeport
        14 Aviation Drive
        Portsmouth NH 03801
        603-766-2002

*Attorneys for Defendants/Counterclaimants Springfield Terminal Railway Company and Boston and Maine Corporation*

August 10, 2007