UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND CENTRAL
RAILROAD, INC.,

      Plaintiff/Counterdefendant,

      -v.-                                    Civil Action No. 04-30235-MAP

SPRINGFIELD TERMINAL
RAILWAY COMPANY, et al.,

      Defendants/Counterclaimants.

## OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO STRIKE DEFENDANTS' COUNTERCLAIM, AND EXCLUDE WITNESSES, EVIDENCE AND/OR THEORIES OF LIABILITY DUE TO DEFENDANTS' ALLEGED SPOLIATION OF EVIDENCE

Springfield Terminal Railway Company and Boston and Maine Corporation (collectively, "ST/BM"), which are the defendants/counterclaimants herein, oppose Plaintiff New England Central Railroad, Inc.'s ("NECR") motion *in limine* to strike ST/BM's counterclaim, and to exclude witnesses, evidence and theories of liability due to ST/BM's alleged spoliation of evidence [Dkt. #96].

NECR contends that the absence of certain of ST/BM employee Roger D. Bergeron's original rough notes—which contemporaneously were used to create a written record that long ago was produced to NECR—and several other items requires, in effect, a judgment on the merits in favor of NECR. *See* Plaintiff's Motion in Limine to Strike the Defendants' Counterclaim, Exclude Witnesses, Evidence and/or Theories of Liability Due to the Defendants' Spoliation of Material/Relevant Evidence ("NECR Motion to Exclude Testimony and Evidence") [Dkt. #96] at 2.

NECR made the identical arguments in NECR's April 26, 2007 motion to strike Mr. Bergeron's declaration [Dkt. #78-1]. This Court declined to adopt them, denying NECR's motion to strike Mr. Bergeron's testimony and refusing to effectively award NECR judgment on the merits. [Dkt. #92]. Now NECR, restating the arguments the Court rejected then, seeks not only to exclude Mr. Bergeron's testimony but also (1) to dismiss ST/BM's gross negligence counterclaim, (2) to exclude the testimony of ST/BM employees Daniel Griffiths, Peter Kari and Joseph Scappace, (3) to exclude any and all evidence and/or information obtained or observed by Mr. Bergeron and Mr. Griffiths at the site of the Derailment, and (4) to exclude any and all evidence contained within Mr. Scappace's incident report regarding the Derailment. *See* NECR Motion to Exclude Testimony and Evidence at 2. Thus, NECR again requests, in effect, a judgment on the merits in its favor. Yet, NECR still has provided no basis for striking Mr. Bergeron's testimony, let alone excluding the testimony of other ST/BM personnel and evidence which forms the foundation of ST/BM's claim of gross negligence against NECR. Accordingly, NECR's renewed attempt to obtain judgment on the merits should be denied.

I.  **The supposedly "spoiled" items either have been produced or are not materially different from the items that have been produced, and the absence of such items has not prejudiced NECR.**

NECR contends that the absence of three items from ST/BM's production in the course of discovery requires that the Court, in effect, award NECR judgment on the merits. *See* NECR Motion to Exclude Testimony and Evidence at 2.

One such item is the supposed failure to preserve visual evidence regarding the track around Mile Post ("MP") 10.18. NECR Motion to Exclude Testimony and Evidence at 4, 10. The evidence to which NECR refers is photographs taken by ST/BM employee Daniel Griffiths, who accompanied Mr. Bergeron while the latter conducted his investigation of the Derailment.

2

In fact, as ST/BM already made clear in its opposition to NECR's motion to strike Mr. Bergeron's declaration [Dkt. # 87], all twenty-five of these photographs, bearing Bates numbers ST-A000420 through ST-A000444, were produced by ST/BM to NECR in the normal course of discovery.

A second item is the original handwritten notes that Mr. Bergeron took as he conducted his on-site investigation on July 6, 2004. NECR Motion to Exclude Testimony and Evidence at 2-3. Although Mr. Bergeron did not retain those very rough notes, he created a neater version directly from those notes within two hours of making them, and there is no material or substantive difference between the information on his original rough notes and the version that he created contemporaneously and that has been produced to NECR. *See* Declaration of Roger D. Bergeron in Opposition to Plaintiff's Motion to Strike ("Bergeron Opposition to Motion to Strike") [Dkt. # 88] ¶ 2. NECR has advanced no contrary evidence, nor even a theory as to what might have been omitted.

Further, NECR claims that Mr. Bergeron "never shared his data with the NECR once he was done with his inspections and calculations." NECR Motion to Exclude Testimony and Evidence at 3, 7. NECR, however, fails to provide any authority obligating Mr. Bergeron to do so. Also, despite NECR's disapproval of Mr. Bergeron's supposed shortcoming in not sharing his findings, NECR offers no persuasive reason why it could not or did not itself inspect the area around the Derailment site.

Moreover, NECR contends that Mr. Bergeron "knew that the NECR had not investigated as to a cause of the derailment, intentionally withheld the data and the results of his investigation, and knew that the NECR would re-surface that section of track as part of the derailment repairs to the line." *Id.* at 3. NECR, yet again, offers no basis for these bold—and incorrect—

allegations. NECR also claims that it is prejudiced by Mr. Bergeron's failure to retain his rough handwritten notes, stating that without the original documents "NECR cannot possibly effectively challenge the substance of Mr. Bergeron's testimony or opinions." *Id.* at 7. But this argument is unconvincing because Mr. Bergeron has already declared under the penalties for perjury that there is no material difference between the information on his original rough notes and the version that he created contemporaneously and that has been produced to NECR. *See* Bergeron Opposition to Motion to Strike ¶ 2. Thus, NECR has not demonstrated any prejudice from the absence of Mr. Bergeron's rough notes.

Third, NECR complains of the ST/BM's conductor's initial incident report. NECR Motion to Exclude Testimony and Evidence at 3. Conductor Scappace testified that neither he nor anyone else had been able to locate his original report. There is no suggestion in the record, however, that the version Mr. Scappace prepared several weeks later, which was produced to NECR, contains any material variations from the original. In any event, NECR had an executive present at the ST/BM investigative hearing into the Derailment on August 9, 2004, was provided subsequently with the transcript of that hearing, and took Mr. Scappace's deposition on January 12, 2007. Moreover, NECR has offered no evidence suggesting that the loss of the original report was deliberate, and has demonstrated no prejudice or potential prejudice from the absence of the original document.

As the foregoing makes clear, the items that form the basis for NECR's allegations of "spoliation" have either been produced or are not materially different from the documents that have been produced. Further, NECR has failed to establish that the absence of such items has prejudiced NECR in any way.

### II. NECR has not satisfied the foundational requirements for a judgment on the merits, or other sanctions for ST/BM's supposed spoliation of evidence.

The drastic remedy of dismissing ST/BM's case and awarding NECR judgment on the merits—which NECR effectively requests this Court to do—is inappropriate. *See* NECR Motion to Exclude Testimony and Evidence at 2. First and foremost, this Court has already determined that "a judgment on the merits in favor of Plaintiff" is unwarranted. Memorandum and Order Regarding Defendants' Motion for Partial Summary Judgment, Plaintiff's Motion for Summary Judgment and Plaintiff's Motion to Strike ("July 24 Order") [Dkt. #92] at 8.

Second, dismissal of a party's case is "a harsh sanction that the courts are reluctant to impose. It is usually considered appropriate only when a party *maliciously* destroys relevant evidence for the *sole purpose of preventing an adverse party from examining it*." *Vazquez-Corales v. Sea-Land Serv. Inc.*, 172 F.R.D. 10, 13 (D.P.R. 1997) (emphasis added). NECR offers no support for its accusation that Mr. Bergeron's failure to preserve his original notes was "done in bad faith." NECR Motion to Exclude Testimony and Evidence at 6.

As an alternative to judgment on the merits, NECR requests that this Court instruct the jury as to ST/BM's supposed "spoliation of relevant and material evidence in this action," as well as permit NECR to argue all reasonable inferences therefrom to the jury. *Id.* at 2. Yet, NECR has not satisfied the foundational requirements for such sanctions.

The issue is not, as NECR contends, whether sanctions for spoliation may be imposed in the absence of bad faith as NECR argues. *See* NECR Motion to Exclude Testimony and Evidence at 9. Rather, the issue is whether NECR has demonstrated—which it has not—that it has been prejudiced by the absence of the items discussed above. Indeed, a showing of prejudice is of primary importance to the determination whether sanctions should be imposed. *See, e.g., Kelley v. United Airlines, Inc.*, 176 F.R.D. 422, 427 (D. Mass. 1997) ("If such evidence is

mishandled through carelessness, *and the other side is prejudiced*...the district court is entitled to consider imposing sanctions.) (emphasis added); *accord Sacramona v. Bridgestone/Firestone, Inc.*, 106 F.3d 444, 447 (1st Cir. 1997). NECR even concedes as much. *See* NECR Motion to Exclude Testimony and Evidence at 9 ("where the NECR *has been prejudiced* as a result of the destruction of evidence, even where the destruction is the result of carelessness, sanctions may be imposed") (emphasis added).

Moreover, NECR has not satisfied the foundational requirements for a permissive negative inference—namely, that ST/BM knew (1) of the potential for litigation and (2) the document's relevance to the litigation. *See Blinzler v. Marriott Int'l Inc.*, 81 F.3d 1148, 1159 (1st Cir. 1996); *see also Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir. 1998) ("the sponsor of the inference must proffer evidence sufficient to permit the trier to find that the target knew of (a) the claim (that is, the litigation or the potential for litigation), and (b) the document's potential relevance to that claim."). NECR argues that it "is clear from Mr. Bergeron's testimony that the defendants were aware of the potential that the NECR would be seeking its damages from the NECR under the Trackage Rights Agreement and that the destroyed notes, drawings and calculations would be the basis for any defense or claim by the defendants in response to the NECR's claims." NECR Motion to Exclude Testimony and Evidence at 9. NECR, however, fails to cite *any* evidence for this erroneous contention.[1]

## Conclusion

This Court already has ruled that NECR is not entitled to an order that would require, in effect, a judgment on the merits in favor of NECR. NECR's renewed request for the same relief—based on the same arguments in its unsuccessful motion to strike Mr. Bergeron's

---

[1] Indeed, even if NECR could make such a showing, which it cannot, the jury is free to reject the inference if it believes the documents were destroyed accidentally or for an innocent reason, or merely lost (as is the case here). *Blinzler*, 81 F.3d at 1159.

declarations—similarly should be denied. Moreover, the items that form the basis for NECR's allegations of "spoliation" either have been produced or are not materially different from the items that have been produced. Lastly, NECR has failed to establish that the absence of such items has caused it prejudice or failed to satisfy the other foundational requirements necessary for judgment on the merits or the other sanctions it requests.

Accordingly, for the reasons set forth above, NECR's motion to strike ST/BM's counterclaim, and to exclude witnesses, evidence and other theories of liability should be denied.

Respectfully submitted,

_____
Eric L. Hirschhorn
Debra R. Coletti
Winston & Strawn LLP
1700 K Street, NW
Washington DC 20006
202-282-5700

Robert B. Culliford (BBO #638468)
Pan Am Systems, Inc.
Pease International Tradeport
14 Aviation Drive
Portsmouth NH 03801
603-766-2002

*Attorneys for Defendants/Counterclaimants
Springfield Terminal Railway Company
and Boston and Maine Corporation*

August 24, 2007

## CERTIFICATE OF SERVICE

      I hereby certify that service of this Opposition to Plaintiff's Motion *in Limine* to Strike Defendants' Counterclaim, and Exclude Witnesses, Evidence and/or Theories of Liability Due to Defendants' Alleged Spoliation of Evidence will be made on counsel for NECR, the plaintiff/counterdefendant, by means of the Court's electronic filing system.

                                                             _____
                                                             Debra R. Coletti