# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

NEW ENGLAND CENTRAL
RAILROAD, INC.,

      Plaintiff/Counterdefendant,

      -v.-                          Civil Action No. 04-30235-MAP

SPRINGFIELD TERMINAL
RAILWAY COMPANY, et al.,

      Defendants/Counterclaimants.

---

## OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE THAT PLAINTIFF WAS GUILTY OF GROSS NEGLIGENCE

Springfield Terminal Railway Company and Boston and Maine Corporation (collectively, "ST/BM"), which are the defendants/counterclaimants herein, oppose Plaintiff New England Central Railroad, Inc.'s ("NECR") motion *in limine* to exclude any evidence that NECR was guilty of gross negligence because such evidence is supposedly preempted under federal law [Dkt. #98].

NECR erroneously agues that the express preemption provision of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20106 (2000), and the implementing regulations of the Federal Railroad Administration ("FRA"), 49 C.F.R. Part 213 (2006), preempt ST/BM's counterclaim. *See* Plaintiff's Motion in Limine to Exclude Any Evidence that the New England Central Railroad, Inc. was Guilty of Gross Negligence in the Maintenance of the Line – Such Evidence is Preempted under Federal Law ("Motion to Exclude Evidence of NECR's Gross Negligence") [Dkt. #98] at 4.  This Court, however, already has determined—correctly—that

ST/BM's counterclaim is not preempted by the FRSA or the FRA regulations. [Dkt. #92].

ST/BM's counterclaim is based on NECR's violations of §§ 3.2 and 7.1 of the Interstate

Commerce Commission's February 1990 Trackage Rights Order ("TRO"), *see Nat'l R.R.*

*Passenger Corp.—Conveyance of Boston and Maine Corp. Interests in Conn. River Line in VT*

*and NH*, 6 I.C.C.2d 539, 561, 574 (1990), and the Interstate Commerce Act, 49 U.S.C. § 11704

(2000). As such, NECR's violations create a *federal* cause of action for ST/BM—one that is not

preempted by the FRSA or the FRA regulations.

I. **NECR's violations of §§ 3.2 and 7.1 of the TRO and of the Interstate Commerce Act are not preempted by the Federal Railroad Safety Act or the FRA regulations.**

This Court already has determined that ST/BM's counterclaim for violations of the TRO

is not preempted by the FRSA or the FRA's regulations:

> Although Count I of the counterclaim requires Defendants to prove that Plaintiff's "gross negligence" caused the derailment, the relevance of this common law standard does not transform a cause of action pled under 49 U.S.C. § 11704 into a common law claim. Therefore, *Count I of the counterclaim does not trigger the preemption provisions of 49 U.S.C. § 20106 and 49 C.F.R. § 213.2.*

Memorandum and Order Regarding Defendants' Motion for Partial Summary Judgment,

Plaintiff's Motion for Summary Judgment and Plaintiff's Motion to Strike ("July 24 Order") at 5,

n.1 (emphasis added).

Ignoring the Court's ruling, NECR repeats its request for dismissal of ST/BM's

counterclaim as preempted by the FRSA and the FRA regulations. Motion to Exclude Evidence

of NECR's Gross Negligence at 4. NECR argues that the Supreme Court has interpreted the

FRSA's express preemption provision "to preempt *state* statutes and rules, as well as all 'legal

duties imposed on railroads by the common law.'" *Id.* at 3 (emphasis added). Additionally,

NECR contends that the FRA may preempt any "*state* law, regulation, or order covering the

same subject matter…." *Id.* at 4 (emphasis added). But, as this Court recognized, ST/BM's counterclaim is based on federal—not *state*—authority. *See* July 24 Order at 5, n.1.

Section 3.2 of the TRO, issued by the Interstate Commerce Commission ("ICC"), makes NECR "*solely responsible* for dispatching all operations over the Line and for the maintenance and repair of the Line, including the signals and the signal and dispatching system which controls operations on it" as well as for "keep[ing] the Line, *at all times* throughout the term of this Agreement or any extensions thereof, in not less than FRA Class II condition." TRO § 3.2 (emphasis added) (Exh. 1 to Declaration of Roger D. Bergeron in Support of Defendants/Counterclaimants' Motion for Partial Summary Judgment [Dkt. #61-1]. Moreover, as this Court has conclusively determined, Section 7.1 of the TRO does not absolve NECR of gross negligence relating to a derailment. *See* July 24 Order at 3-4. Indeed, ST/BM's counterclaim—for breach of the TRO and Interstate Commerce Act requirements to maintain a safe line in Class 2 condition—is not based on state law, but upon 49 U.S.C. § 11704. Accordingly, NECR's violations of §§ 3.2 and 7.1 of the TRO give rise to a *federal* cause of action for ST/BM—one that is not preempted by the FRSA or the FRA regulations.

## Conclusion

NECR erroneously contends that the FRSA and the FRA regulations preempt ST/BM's counterclaim. This Court, however, already has determined that ST/BM's counterclaim is not preempted by the FRSA or the FRA regulations. Indeed, ST/BM's counterclaim is based on NECR's violations of §§ 3.2 and 7.1 of the TRO and the Interstate Commerce Act. *See* 49 U.S.C. § 11704 (2000). As such, NECR's violations create a federal cause of action for ST/BM that is not preempted by the FRSA or the FRA regulations.

Accordingly, NECR's motion *in limine* to exclude any evidence that NECR was guilty of gross negligence because such evidence is supposedly preempted under federal law should be denied in all respects.

Respectfully submitted,

Eric L. Hirschhorn
Debra R. Coletti
Winston & Strawn LLP
1700 K Street, NW
Washington DC 20006
202-282-5700

Robert B. Culliford (BBO #638468)
Pan Am Systems, Inc.
Pease International Tradeport
14 Aviation Drive
Portsmouth NH 03801
603-766-2002

*Attorneys for Defendants/Counterclaimants Springfield Terminal Railway Company and Boston and Maine Corporation*

August 24, 2007

## CERTIFICATE OF SERVICE

I hereby certify that service of this Opposition to Plaintiff's Motion *in Limine* to Exclude Any Evidence that Plaintiff was Guilty of Gross Negligence will be made on counsel for NECR, the plaintiff/counterdefendant, by means of the Court's electronic filing system.

Debra R. Coletti