UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---

NEW ENGLAND CENTRAL RAILROAD, INC.,
Plaintiff,

v.

SPRINGFIELD TERMINAL RAILWAY
COMPANY and BOSTON AND MAINE
CORPORATION,
Defendants.

Civil Action No.:  04-30235-MAP

---

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's order of February 6, 2007, the defendants, Springfield Terminal Railway Company and Boston and Maine Corporation (collectively, "Springfield") hereby submit proposed jury instructions in this action.

By way of background, the Court has determined that the parties' state law claims are preempted by federal law.  Memorandum and Order (July 24, 2007) [Dkt. #92] ("July 24 Decision").  This leaves as the sole issue regarding liability whether New England Central Railroad ("NECR" or "New England Central") is entitled to recover under § 7.1 of the 1990 ICC Trackage Rights Order ("TRO"), as interpreted by the July 24 Decision.

The Court has ruled that the standard for liability under § 7.1 is gross negligence, a common concept in the field of torts.  *Id.*  That does *not* mean, however, that such other tort law concepts as proximate cause or contributory negligence also are imported into the case.  Put differently, New England Central—the plaintiff seeking to demonstrate its entitlement under §

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

7.1— need only prove its freedom from gross negligence to render Springfield liable for both

parties' damages.  Absent such proof, however, New England Central is liable for both parties'

damages.

Once the jury has determined liability, damages should be arrived at in the normal

manner.

### Proposed Instructions

Springfield proposes the following jury instructions:

It now becomes my duty to instruct you as to the law applicable in this case. You must

follow the law as declared by me, and apply the rules given you to the facts as you find them

from the evidence.  You must consider the instructions as a whole, and not single out any one

instruction as alone stating the law.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

This case should be considered and decided as an action between persons of equal

standing in the community, of equal worth, and holding the same or similar stations in life. The

law is no respecter of persons; all persons stand equal before the law, and are to be dealt with as

equals in a court of justice.    Hon. Leonard Sand et al., Modern Federal Jury Instructions (2007)

(hereinafter, "MFJI"), Form No. 51:300.

3

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts. By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that the witness ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in reaching your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instruction I have given.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said in their opening statements and their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

4

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

Exhibits that have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court. The same is true for materials that are brought forth only to refresh a witness' recollection. Finally, statements that I have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen. MFJI, Instr. 74-1.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

There are, generally speaking, two types of evidence from which a jury may properly determine the facts. One is direct evidence, such as the testimony of an eye witness. The other is circumstantial evidence, the proof of a circumstance or chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case.    MFJI, Form No. 51:300.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

There has been evidence introduced in this case concerning the routine practice of organizations. This evidence may be considered by you in determining whether a party acted in conformity with that practice on the occasion in question. The weight you give to habit evidence, if any, is entirely up to you, since you are the sole judges of the facts. MFJI, Instr. 74-6.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

**[IF NEEDED]**  The parties have presented exhibits in the forms of charts or summaries.

I decided to admit these charts and summaries in place of the underlying documents that they

represent in order to save time and avoid unnecessary inconvenience.  You should consider these

charts and summaries as you would any other evidence.  MFJI, Instr. 74-11.

8

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

**[IF NEEDED]**  Some of the testimony before you is in the form of depositions that have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at the trial.  MFJI, Instr. 74-14.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

This is a civil case and as such the burden of proof on each of the issues is a "preponderance of the evidence." There is one issue as to liability—namely, whether New England Central was guilty of "gross negligence." Once you have determined that issue, you will have to determine the damages, if any, suffered by one of the parties. More on this in a moment.

If after considering all the evidence you are satisfied that New England Central has carried its burden on the issue of liability and on demonstrating the extent of its damages, then you must find for New England Central on its claim. If after such consideration you find the testimony of both parties to be in balance or equally probable, then New England Central has failed to sustain its burden and you must find for Springfield.

By the same token, if you find that Springfield has carried its burden on each element of its counterclaims, then you must find for Springfield. Adapted from MFJI, Instr. 73-1.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish its claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probably that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—it must prove the element at issue by a *preponderance* of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind. MFJI, Instr. 73-2.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

In order for you to properly understand and apply this charge, I shall give you an outline of its contents. The first portion of the charge will deal with the pleadings, their purpose and effect; the second deals with the rules of law applicable to the issues raised by the pleadings; the third portion will offer directions respecting specific questions presented by this case; and the final portion will deal with those general considerations which must govern every jury's deliberations.

Before proceeding with the charge, I may properly urge you, within sound reason, to make every effort to reach an agreement in your deliberations. Inconclusive trials are not desirable. However, a juror should never abandon an earnest opinion for the sake alone of agreement. Judges may not rightly—and must never—coerce agreements by juries. But it is appropriate to suggest that if, during your deliberations, you shall find yourselves in apparent lack of agreement, each of you ought carefully to examine the grounds of your opinion before assuming a final position of disagreement.

Let me make clear to you, however, that each of you should, individually, and of your own responsibility, decide for yourself upon the issues presented in this case. You should, indeed, consult, discuss and deliberate with one another with a view to arriving at an agreement, if you may do so without the abandonment of your individual judgment. But you should not surrender a firm conviction either out of deference to the opinions of your associates in the jury, or for the sole purpose of returning a verdict. A verdict by this jury should reflect not only the common agreement of all of you, but, as well, the individual judgment of each of you.  MFJI, Form No. 51:300.

13

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

At this time, I want to summarize some of the allegations or claims which have been set out by the parties in their respective pleadings and which are pertinent to your deliberations.

The incident that gave rise to this case occurred when a nineteen-car freight train operated by Springfield derailed while traveling over track owned by NECR. I instruct you that Springfield's use of NECR's track is governed by a provision that if a derailment occurs and the derailment was not caused by gross negligence on the part of the railroad that owns the track (in this case, NECR), the railroad operating the train (in this case, Springfield) is liable for the damages of both parties. *See* Court's Decision of July 24, 2007 [Dkt. #92]. I will explain the meaning of "gross negligence" in a moment.

NECR contends that it did not commit gross negligence in its maintenance of the track and setting of the track speed limit, and that Springfield's train crew was negligent. Springfield contends that NECR was grossly negligent in its failure to maintain the track to federal safety standards and its establishment of a temporary speed limit that also violated the federal track safety standards.

On the issue of damages, Springfield also contends that NECR did not merely restore the track to its condition immediately before the derailment but went well beyond that, making *additional* repairs and track improvements that Springfield should not have to pay for even if Springfield is found liable.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

The foregoing is only a summary of the pleadings in the case and may not be considered by you as evidence, except that, whenever a party admits a fact, that fact may be considered by you as being established as against that party.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

As you know, New England Central claims to have been damaged by the actions of Springfield, and Springfield claims to have been damaged by the actions and inaction of New England Central. There are several issues for you to determine: First, did the conduct of the plaintiff, New England Central, constitute "gross negligence"? If not, then the only issue remaining for you to determine is the amount of damages, if any, suffered by New England Central. If you find that New England Central's conduct constituted gross negligence, you must determine the extent of Springfield's damages, if any.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

As I have noted, you must determine whether the conduct of the plaintiff—the New

England Central Railroad Co.—amounted to gross negligence. "Gross negligence" means a

heedless disregard of the rights of others affected by it. It means more than momentary

thoughtlessness or inadvertence. It means such a want of care as to indicate indifference to the

rights, safety, or welfare of the persons potentially affected by it. Adapted from MFJI, Form No.

51:302.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

Springfield claims that New England Central violated at least two provisions of the track safety standards promulgated by the Federal Railroad Administration. These are (1) the standard limiting "superelevation"—which is the difference in height, on a curve, between the high (outside) and low (inside) rails—and (2) the standard establishing the maximum speed when excessive superelevation is present.

The law is that where a particular regulatory standard is enacted to protect someone in a party's position or to prevent the type of accident that occurred, and the party can establish his relationship to the regulation, a violation of that standard renders the defendant negligent as a matter of law. *See Jarrett v. Woodward Bros., Inc.*, 751 A.2d 972, 980 (D.C. 2000); *Childs v. Purll*, 882 A.2d 227, 235 (D.C. 2005) (same); *Stewart v. S. Kan. & Okla. R., Inc.*, 36 F. Supp. 2d 919 (D. Kan. 1999) (court properly permitted theory of negligence *per se* premised on railroad's alleged violation of FRA regulation setting forth maximum train speeds for different classes of track); *Earwood v. Norfolk Southern Ry. Co.*, 845 F. Supp. 880, 889 (N.D. Ga. 1993) ("Had Defendant violated the speed limit, Plaintiff would have been able to establish negligence per se.").

A finding that one party is thus guilty of negligence does not automatically mean that it was guilty of *gross* negligence. That still requires a further finding, in effect, that the party's action or inaction amounted to gross negligence under the definition I already have explained to you.

18

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

You should not infer that either party is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that one of the parties is entitled to recovery. MFJI, Instr. 77-1.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

As I previously have instructed, if you find that New England Central's conduct constituted gross negligence, you must proceed to determine the amount of damages, if any, suffered by Springfield.  If you find that New England Central's conduct did not constitute gross negligence, you must proceed to determine the amount of damage, if any, suffered by New England Central.

In either event, you must determine that amount that will fairly and reasonably, but not excessively, compensate Springfield or New England Central, as the case may be, for the items that have been shown by a preponderance of the evidence to have been caused by the other party.

Such damages are called "compensatory damages."  That means that they seek to compensate the injured party for the damage suffered.  I remind you that you may award compensatory damages only for injuries that were proximately caused by the misconduct of the other party.  MFJI, Instr. 77-3.

As a general rule, the injured party should be placed as nearly as possible in the same position that it would have occupied had the injury not been inflicted.  On the other hand, the law will not put the injured party in a better position than it would be in had the wrong not been done.  It is never contemplated that an injured party should realize a profit from the damages sustained.  *Thorne v. White*, 103 A.2d 579, 580 (D.C. 1954).  That is, a party who is injured by reason of another party's behavior is entitled to be made whole, not to be enriched.  *Fleming v. Twine*, 58 A.2d 498, 499-500 (D.C. 1948).

What this means for this case is that if New England Central is entitled to have Springfield pay its damages, New England Central is entitled only to the difference between the

20

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

value of its track immediately before the derailment and the value immediately thereafter. If, as

Springfield contends, New England spent more on track repair than was necessary to restore the

track to its condition immediately preceding the derailment, Springfield is not require to pay the

excess amount. Similarly, if you determine that Springfield is entitled to have New England

Central pay its damages, Springfield is entitled only to amount that was necessary to restore the

damaged freight cars and their cargo to their condition immediately preceding the derailment; if

restoration was not possible, then Springfield is entitled to the lost value of the cars and cargo.

In either case, you should take into account the age and condition of the track (if damages

are to be awarded to New England Central) or the freight cars (if damages are to be awarded to

Springfield) in determining the loss of value. *Smith v. Brooks*, 337 A.2d 493, 494 (D.C. 1975).

You are not permitted to award damages on the basis of speculation. All damages must

have been proven by a preponderance of the evidence by the party to whom the damages are to

be awarded. MFJI, Form No. 51:300. The law does not require, though, that a party prove the

amount of its losses with mathematical precision, but only with as much certainty as the

circumstances permit. Adapted from MFJI, Instr. 77-3.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

You are instructed that a company that claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence to "mitigate," or minimize, those damages—that is, to take advantage of reasonable opportunities it may have to prevent the aggravation of its injuries, so as to reduce or minimize the loss or damage.

In this case, Springfield claims that New England Central could have reduced its costs by accepting Springfield's offer of labor and materials at lower cost (or no cost to New England Central). If you find that Springfield is liable to New England Central, New England Central may not recover for any item of damages it could have avoided through such reasonable effort. If New England Central unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny recovery for those damages that it would have avoided had it taken advantage of the opportunity.

Bear in mind that whether a company acted "reasonably" with respect to mitigation of damages is for you to decide. The law will not allow an injured party to sit idly by when presented with an opportunity to mitigate. This does not imply, however, that the law requires an injured party to exert itself unreasonably in an effort to mitigate, and it is the other party's burden to prove that some or all of the damages reasonably could have been avoided.

Should you decide, following my previous instructions, that New England Central is entitled to recover damages from Springfield, you must then determine whether to reduce New England Central's damages due to a failure to mitigate on New England Central's part. You must weigh all the evidence in light of the particular circumstances of this case, using sound

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

discretion in deciding whether Springfield has satisfied its burden of proving that New England

Central's conduct regarding mitigation was not reasonable.  Adapted from MFJI, Instr. 77-7.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

In determining whether a party to this action has sustained the burden of proof upon that party, you may consider all of the evidence tending to establish the contentions of that party, even though the evidence comes from witnesses presented by the other party to the suit.  MFJI, Form No. 51:300.

24

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

Statements, arguments and questions of counsel touching upon the facts are not evidence.

When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the

jury must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

MFJI, Form No. 51:300.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

The credibility of the witnesses and the weight, if any, you will give their testimony are questions solely for you, the jury, to determine.  Factors that you may properly consider in determining the weight to be given to the testimony of any witness are:

1.    The interest, if any, of the witness in the outcome of the suit;

2.    The conduct and demeanor of the witness while testifying;

3.    The apparent fairness or bias of the witness;

4.    The relationship of the witness, if any, to any party;

5.    The opportunity of the witness to have seen and to know and remember the things about which that witness has testified;

6.    The reasonableness of the testimony given by the witness; and

7.    All of the facts and circumstances in evidence tending to corroborate or contradict the testimony of the witness.

You are not bound to take the testimony of any witness as true.  If you are satisfied that a witness is mistaken or that the testimony of a witness is untrue or unreliable as to any matter testified to by such witness, you may disregard the testimony of that witness.  MFJI, Form No. 51:300.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony.  The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements.  It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.  MFJI, Form No. 51:300.

27

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

The rules of evidence permit a lay witness to give testimony in the form of opinions and inferences, if those opinions or inferences are rightfully based on the perception of the witness and helpful to the clear understanding of the testimony or the determination of the fact in issue.

A witness who, by training and experience, has become an expert in any art, science, profession, or calling may be permitted to state an opinion if the facts or data on which the expert bases the opinion or inference as perceived by the witness are made known to the witness at or before the hearing.

You should consider opinions you heard at the trial in this case, either from an expert or from a lay witness, and give those opinions and inferences whatever weight as you think they deserve. In addition you may reject the opinions or inferences entirely if you conclude the reasons given in support of the opinion or inferences are unsound.  MFJI, Form No. 51:300.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

Whenever in the course of this trial I have sustained an objection to a question, forbidden inquiry into any subject matter, or ordered any testimony stricken from the record, you must not speculate as to what a witness might have testified nor may you consider the evidence ordered stricken. You must also disregard any remarks of counsel, whenever made, that are not warranted by the evidence.

You have no right to indulge in speculation, conjecture, or inference not supported by the evidence.

Prejudice and sympathy also have no place in your determination of the facts.

Your determination must be based upon the evidence and on the law as given in this charge. You must not single out any single instruction as alone stating the law, but must consider this entire charge as a whole with due regard for each phase and item of it. MFJI, Form No. 51:300.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

Nothing I have said, none of my rulings, no statement set forth in this charge, is intended in any way to indicate to you my opinion as to the facts or as to the result that I feel this case should reach. If you have any belief to the contrary, you are mistaken. However, even if I had chosen to express an opinion, which I did not, you would be at liberty to disregard it. You are the sole judges of the facts. MFJI, Form No. 51:300.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

As soon as you retire to the jury room, you will first select one of your number as your foreperson, who will then preside during your deliberations.

Your verdict must be unanimous. Until you have reached unanimous agreement, you may not consider that you have reached a verdict at all.

You must, however, make every attempt to reach an agreement in your deliberations. Inconclusive trials are highly undesirable for many reasons and a common understanding among competent and intelligent people ought to be possible. However, this must not be construed as a suggestion that any juror abandon an opinion held understandingly and earnestly by that juror.

A quotient verdict, that is to say, a verdict resulting from an agreement in advance of a vote that the jury will be bound to a verdict which shall be the average of the jurors' separate assessments of the damage sustained by the plaintiff is an illegal verdict and will be set aside by the court.

Forms of verdict have been prepared for your use. If on the claim you find for plaintiff, you will use the form designated as "verdict for plaintiff," and your foreperson will insert in words and figures in the blank space reserved for that purpose in the form, the amount of damages found in your verdict in favor of the plaintiff on the claim. Your foreperson is the only one who will date and sign that form of verdict. All of you will return unsigned and unused the form of "verdict for defendant'" for the claim.

If on the claim you find for the defendant, you will use the form designated as "verdict for defendant." Your foreperson will then date and sign that form of verdict, which will then

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

constitute your verdict in the case, and you will simply return unused the form of "verdict for

plaintiff."'  MFJI, Form No. 51:300.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the marshal.  Never attempt to communicate with the court by any means other than a signed writing.  And bear in mind you are not to reveal to the court or to anyone else how the jury stands, numerically or otherwise, until you have reached an unanimous verdict.

When you do arrive at your verdict and the proper verdict form is completed by your foreperson, you will have concluded your task and the foreperson will notify the marshal of that fact.

As the judge presiding over the trial, I shall be available in this building in which this trial has been held throughout the remainder of the present day and until your verdict is returned.

If you do not arrive at your verdict within the period of the present court day, you will continue your deliberations until you do arrive at a verdict, with due allowance of time for your meals and with any necessary intermission between _____ o'clock P.M. and _____ o'clock A.M.  During the time allowed for your night rest, you will be permitted to separate, returning promptly at the termination of the interval arranged for such purpose, for the continuance of your deliberations.  During your period of this separation, if any, you will carefully keep in mind and observe the admonitions which the court has previously given you touching your conduct while separated.  MFJI, Form No. 51:300.

New England Central v. Springfield Terminal—Civil Action No. 04-32035-MAP
Defendants' Proposed Jury Instructions

Respectfully submitted,

/s/  Eric L. Hirschhorn
Winston & Strawn LLP
1700 K Street, NW
Washington DC 20006
(202) 282-5706

/s/  Robert B. Culliford
Pan Am Systems, Inc. BBO# 638468
14 Aviation Avenue
Portsmouth, NH  03801
(603) 766-2002

*Attorneys for Defendants Springfield
    Terminal Railway Co. and Boston and
    Maine Corp.*

Dated:  September 10, 2007

34

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the Defendants' Proposed Jury Instructions will be made on counsel for NECR, the plaintiff/counterdefendant, by means of the Court's electronic filing system.

_____
Eric L. Hirschhorn

Dated:  September 10, 2007