# FLYNN & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

MICHAEL B. FLYNN*`*`
RICHARD A. DAVIDSON, JR.
LORI A. WIRKUS+`*`
JENNIFER S. BERNSTEIN
STEPHANIE A. BUSCAGLIA`*`
MICHAEL J. SLITT+

`*` also admitted in NY
+ also admitted in CT
`*` also admitted in PA

400 CROWN COLONY DRIVE
SUITE 200
QUINCY, MASSACHUSETTS 02169
TELEPHONE (617) 773-5500
FACSIMILE (617) 773-5510
WEBSITE: www.flynnassoc.com
E-MAIL: radavidsonjr@flynnassoc.com

OF COUNSEL:
DURKIN, MCDONNELL,
CLIFTON & O'DONNELL
PENOBSCOT BUILDING
645 GRISWOLD STREET
SUITE 3253
DETROIT, MI 48226
TEL: (313) 963-3033
FAX: (313) 963-3011

September 12, 2007

Hon. Michael A. Ponsor
United States District Court for the
   District of Massachusetts - Western Division
Federal Building & Courthouse
1500 Main Street
Springfield, MA 01103

RE:   NEW ENGLAND CENTRAL RAILROAD, INC. v. SPRINGFIELD TERMINAL
      RAILWAY COMPANY, et al.
      U.S. District Court, Springfield, C.A. No.: 3:04 CV 30235

Dear Judge Ponsor:

   Kindly accept this letter as a joint request by the above-captioned parties that the trial set to commence on September 24, 2007, be continued for four weeks for the following reasons:

1. On September 7, 2007, the parties were very close to settling this case.

2. On September 8, 2007, the plaintiff realized that the total damage amount which it was negotiating from was short by $519,000.00.

3. The counsel for the parties had been working from a damage amount which was evidenced on two general invoices which when adjustments were made evidenced total damages of $621,000.00.

4. Counsel for the parties were unaware that there existed a separate later general invoice for the sum of $519,000.00.

5. The plaintiff had provided to the defendants in discovery all of the back-up invoices for the three general invoices, but neither counsel totaled those invoices prior to this past weekend.

Hon. Michael A. Ponsor
September 12, 2007
Page 2

    6.    Given this development the parties conducted an emergency meeting on Monday, September 10, 2007, in Portsmouth, NH to review the dispute, attempt to come to terms with the total amount due, and at that time agreed to continue to negotiate a settlement once each party comes to a hard number as to the damages. The parties are in the process of running the actual invoices to tabulate a damage figure from which to negotiate a settlement.

    7.    The parties need the additional four weeks to complete the tabulation of the damages from the invoices, negotiate in good faith towards a settlement, and to permit the defendants to try an eminent domain case in the Delaware which is set to commence on October 11, 2007.

    8.    The interests of justice would be served by the allowance of the requests short continuance in order to permit the parties' counsel to clarify the damages and to conduct good faith negotiations.

Wherefore, the parties respectfully request that this Honorable Court allow the within motion.

                Sincerely,

                /s/ Richard A. Davidson, Jr.

                Richard A. Davidson, Jr.

pc:    Robert Culliford, Esq.
       Eric Hirschhorn, Esq.
       Michael B. Flynn, Esq.
       Dan Hershman, Esq.