UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

NEW ENGLAND CENTRAL RAILROAD, INC.,
           Plaintiff,

         v.

SPRINGFIELD TERMINAL RAILWAY
COMPANY and BOSTON AND MAINE
CORPORATION,
           Defendants

Civil Action No.:  04-30235-MAP

**PLAINTIFF'S MOTION TO REOPEN CASE,
TO VACATE ORDER OF DISMISSAL AND FOR JUDGMENT AND EXECUTION**

      Plaintiff, New England Central Railroad, Inc., moves this Court for an order to re-open the above captioned case, to vacate the order of dismissal dated October 22, 2007, and to enter an Order of Judgment and Execution in favor of Plaintiff and against all Defendants for payment in the manner set forth in the settlement agreement.  In support of this Motion, Plaintiff states:

      1.      On or about December 3, 2004, Plaintiff filed a Complaint against all Defendants for breach of contract, negligence and gross negligence arising generally out of a derailment as set forth fully in the Complaint.

      2.      On or about October 22, 2004, the Parties contemplated a settlement and an Order of dismissal of the case was entered.

      3.      Thereafter, the terms of a "Settlement Payment Agreement" (referred hereinafter as the "Agreement") were agreed upon, placed in writing and fully executed by and between New England Central Railroad Company, Inc. ("NECR") and RailAmerica ("RA"), and the

Boston and Main Corporation ("B&M"), Springfield Terminal Railway Company ("STRC"), and Pan Am Railways, Inc. ("PAR") on November 19, 2007 and December 7, 2007.  A copy of the Agreement is attached hereto as Exhibit "A".

4. The Agreement obligates B&M, STRC and PAR jointly and severally to the terms of the agreement.

5. The Agreement obligates B&M, STRC and PAR to make settlement payments in four equal installments of $230,000 by specific deadlines.  (See Exh. A. at ¶ 1-5).

6. Plaintiff has received $460,000, representing payment of the first two installments under the Agreement.  (See affidavit of Dan Hershman, Esq., attached hereto as Exhibit "B").

7. The third installment was not received by January 18, 2008, the deadline specified by ¶ 3 of the Agreement. (See Exh. B at ¶ 9).  As such, as of January 19, 2008, B&M, STRC and PAR defaulted on their payment of the third installation in the amount of $230,000 as set forth in the Agreement.

8. The Agreement sets forth the conditions in the event of a default by B&M, STRC and PAR on any of the four payments on the dates due as follows:

   a. "B&M, STRC and/or PAR shall be immediately responsible to pay NCER and/or RA as liquidated damages the sum of $1,000,000 less the total payments received up and until that date from the B&M, STRC, and/or PAR." (See Exh. A at ¶ 6);

   b. "B&M, STRC and PAR will be responsible to pay interest on the liquidated amount then due and owed at the rate of 12% per annum from the date of this agreement until the date of the default, and also that interest at the rate of 12% per annum will continue to accrue until any and all liquidated damages and interest accrued thereon are paid in full."  (See Exh. A at ¶ 6).

2

9. In addition, the Agreement states that if the B&M, STRC, and/or PAR fail to make a payment as set forth in the Agreement, "then the NECR and/or RA may file with the United States District Court the appropriate pleadings to vacate the Judgment of Dismissal and obtain a Judgment and Execution against the B&M and/or the STRC for the amount then due and owed together with all interest accrued thereon."  (See Exh. A at ¶ 7).

10. Furthermore, the Agreement also stipulates that the B&M, STRC and/or PAR agree that they will not oppose such filings and "that they waive any and all rights of appeal". (See Exh. A at ¶ 8).

11. Therefore, pursuant to the Agreement, this Motion should be unopposed, and any papers filed in opposition to this Motion should be stricken.

12. Counsel for the plaintiffs notified counsel for the defendants via e-mail and U.S. Mail on January 25, 2008 of their intent to file this Motion unless an acceptable resolution of this matter was reached before January 30, 2008.  (See Exhibit C).  Counsel for the plaintiffs has yet to receive a response from the defendants or their counsel.

WHEREFORE, Plaintiff, New England Central Railroad, Inc., requests this Honorable Court to enter an Order to re-open the above-captioned case, to vacate the order of dismissal dated October 22, 2007, and to enter an Order of Judgment and Execution in favor of Plaintiff and against all Defendants for the amount due and owing pursuant to the Agreement.

Respectfully submitted,

NEW ENGLAND CENTRAL RAILROAD, INC.,
by its attorneys,

  /s/  Michael B. Flynn
Michael B. Flynn, Esq.          BBO# 559023
*mbflynn@flynnassoc.com*
Richard A. Davidson, Jr., Esq.  BBO# 552988

                *radavidsonjr@flynnassoc.com*
                FLYNN & ASSOCIATES, P.C.
                400 Crown Colony Drive, Suite 200
                Quincy, MA 02169
                (617) 773-5500

Dated:  January 31, 2008

# Exhibit A

Case 3:04-cv-30235-MAP     Document 107-2     Filed 01/31/2008     Page 1 of 5

## SETTLEMENT PAYMENT AGREEMENT

Agreement is hereby reached by and between the New England Central Railroad Company, Inc. ("NECR") and RailAmerica ("RA"), and the Boston and Maine Corporation ("B&M"), Springfield Terminal Railway Company ("STRC"), and Pan Am Railways, Inc. ("PAR"), jointly and severally, parties in the matter of *New England Central Railroad Company, Inc. v. Boston and Maine Corp., et al.*, United States District Court for the District of Massachusetts, Civil Action No.: 04-30235-MAP (the "Lawsuit"), upon the following:

### WITNESSESTH:

**WHEREAS**, the parties had claims and cross-claims against one another;

**WHEREAS**, the parties have come to a settlement of their claims to the satisfaction of each party;

**WHEREAS**, the B&M, STRC, and PAR have agreed, jointly and severally, to pay to the NECR and/or RA the sum of Nine Hundred Twenty-Thousand and 00/100 Dollars ($920,000.00) in settlement of all claims each has against the other, including those claims which were or could have been raised in and/or made a part of the lawsuit as well as any and all actions, claims, demands, causes of action, of whatever type which were in any way, shape or form related to the acts, occurrences and/or subject matter of the lawsuit, more specifically, a derailment which occurred on July 3, 2004 in Hartland, Vt.

**NOW, THEREFORE, AND IN CONSIDERATION OF** the following promises and mutual covenants hereinafter set forth, it is agreed by and between the NECR, RA, B&M, STRC, and the PAR jointly and severally, as follows:

1. On November 19, 2007, the B&M, STRC, and the PAR, jointly or severally, shall remit the sum of $230,000.00 to the NECR and/or RA;

2. On December 19, 2007, the B&M, STRC, and the PAR, jointly or severally, shall remit the sum of $230,000.00 to the NECR and/or RA;

3. On January 18, 2008, B&M, STRC, and the PAR, jointly or severally, shall remit the sum of $230,000.00 to the NECR and/or RA;

4. On February 19, 2008, B&M, STRC, and the PAR, jointly or severally, shall remit the final sum of $230,000.00 to the NECR and/or RA.

5. All payment concerning this settlement shall be wired to the following:

Bank of America
Tampa, FL
FedWire ABA #026009593
ACH ABA #063100277

Account: RailAmerica Transportation Corp.
Account #005487720539

Posting the payment in the mail by any due date is not sufficient for delivery under this agreement. Delivery of payment under this agreement occurs solely when the payments are actually posted and cleared to the account identified herein

6. In the event of a default by the B&M, STRC, and/or PAR on any of the four payments on the dates due, then the B&M, STRC, and/or PAR shall be immediately responsible to pay to the NECR and/or RA as liquidated damages the sum of $1,000,000.00 less the total payments received up and until that date from the B&M, STRC, and/or PAR. In addition, the parties agree that, in the event of a default, the B&M, STRC, and PAR will be responsible to pay interest on the liquidated amount then due and owed at the rate of 12% per annum from the date of this agreement until the date of the default, and also that interest at the rate of 12% per annum will continue to accrue until any and all liquidated damages and interest accrued thereon are paid in full.

7.  If the B&M, STRC, and/or PAR fail to make payment, as set forth in ¶¶ 1 through 4 and 6 above, then the NECR and/or RA may file with the United States District Court the appropriate pleadings to vacate the *Judgment of Dismissal* and obtain a *Judgment* and Execution against the B&M and/or the STRC for the amounts then due and owed together with all interest accrued thereon. The B&M, STRC, and/or PAR agree that they will not oppose any such filings and that they waive any and all rights of appeal.

8.  By entering into this agreement, the NECR and/or RA not expressly or impliedly waive any other right, remedy or process under law available to collect on the amount due from the B&M, STRC, and/or PAR and any failure of or delay by the NECR or RA in asserting its rights with respect to the collection or recovery of the amount due, shall not be construed as a waiver of any such rights, remedies, and/or process.

9.  The parties agree to execute three (3) original mutual releases which shall be held in escrow by the NECR and/or RA's counsel until such time as the B&M, STRC and PAR completely fulfill their obligations under this agreement. If the B&M, STRC and PAR completely fulfill their obligations under this agreement, then counsel for the NECR and RA shall transmit to counsel for the B&M, STRC and PAR two of the original releases and shall keep one for the NECR and/or RA's records.

**N WITNESS WHEREOF**, the parties have executed this agreement on the dates as set forth below.

Dated: 12/07/07

_____
New England Central Railroad Company, Inc.
VP

Dated: 12/07/07

_____
RailAmerica, Inc.  SVP

Dated: 11/19/07             _____
                            Boston and Maine Corporation

Dated: 11/19/07             _____
                            Springfield Terminal Railway Company

Dated: 11/19/07             _____
                            Pan Am Railways, Inc.

# Exhibit B

Case 3:04-cv-30235-MAP     Document 107-3     Filed 01/31/2008     Page 1 of 3

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

NEW ENGLAND CENTRAL RAILROAD, INC.,
Plaintiff,

v.

SPRINGFIELD TERMINAL RAILWAY
COMPANY and BOSTON AND MAINE
CORPORATION,
Defendants

Civil Action No.: 04-30235-MAP

AFFIDAVIT OF DANIEL A. HERSHMAN

STATE OF FLORIDA)

COUNTY OF PALM BEACH)

DANIEL A. HERSHMAN, being duly sworn, states as follows:

1. I am over the age of 21 years, sui juris and a resident of Palm Beach County, Florida.

2. I have personal knowledge of each of the facts set forth below.

3. I have been a member of the Florida bar in good standing since my admission on October 30, 1981.

4. I have been employed by RailAmerica, Inc., since February 2001 and as its Vice President – Litigation Counsel since January 2004.

5. In my capacity as Vice President, I have supervised the handling of the matter captioned above.

6. I am aware of and am fully familiar with the written settlement agreement reached in this matter, having actively participated in its drafting.

7. I am responsible for monitoring the progress of Defendants' payment of the settlement and for deciding on Plaintiff's actions in the event of non-payment.

8. Plaintiff has received $460,000, representing payment of the first 2 installments under the settlement agreement.

9. As of 11:00 a.m. on January 31, 2008, Plaintiff had yet to receive the third installment of $230,000, which was due on January 18, 2008.

10. Plaintiff has not agreed to modify the terms of the agreement.

FURTHER AFFIANT SAYETH NOT.

_____
DANIEL A. HERSHMAN

Sworn to and subscribed before me this 31st day of January 2008 by Daniel A. Hershman, who is personally known to me.

_____
NOTARY PUBLIC

**JENNIFER L. TAYLOR**

Notary Public State of Florida
Jennifer L Taylor
My Commission DD434993
Expires 06/26/2009

# Exhibit C

## Michael J. Slitt

**From:** Michael Flynn
**Sent:** Thursday, January 31, 2008 2:13 PM
**To:** Marianna J. Yang; Michael J. Slitt
**Subject:** FW: NECR v. BM/STRC/Pan Am

Sincerely,

Michael B. Flynn, Esq.
Flynn & Associates, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500
(617) 773-5510 (fax)

CONFIDENTIAL NOTICE - This e-mail is from Flynn & Associates, P.C., a law firm, and may contain information that is confidential or privileged. It is intended only for the use of the intended recipient. If you are not the intended recipient, do not read, copy or disseminate this e-mail or any attachment. Instead, please notify the sender immediately by telephone at (617) 773-5500 or by e-mail and permanently delete this e-mail and any attachments.

-----Original Message-----
**From:** Michael Flynn
**Sent:** Friday, January 25, 2008 4:52 PM
**To:** 'Geary,Michael'
**Cc:** 'Hershman, Daniel (Boca)'; 'Scott.Williams@RailAmerica.com'; Richard Davidson; Devin, Robby S. (SATX); 'Hunter, Charles (NECR)'
**Subject:** NECR v. BM/STRC/Pan Am

Mike: Attached please find a letter I sent to you by regular mail earlier today regarding my client's position with respect to your client's default, which I trust you will find self-explanatory. I await your response.

Sincerely,

Michael B. Flynn, Esq.
Flynn & Associates, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500
(617) 773-5510 (fax)

CONFIDENTIAL NOTICE - This e-mail is from Flynn & Associates, P.C., a law firm, and may contain information that is confidential or privileged. It is intended only for the use of the intended recipient. If you are not the intended recipient, do not read, copy or disseminate this e-mail or any attachment. Instead, please notify the sender immediately by telephone at (617) 773-5500 or by e-mail and permanently delete this e-mail and any attachments.

# FLYNN & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

MICHAEL B. FLYNN*'  
RICHARD A. DAVIDSON, JR.  
LORI A. WIRKUS+'  
MARIANNA J. YANG*'  
MICHAEL KEOHANE  
MICHAEL J. SLITT+  
JENNIFER S. BERNSTEIN  
CAROLYN M. BLAKE•

' also admitted in CA, NJ and AZ  
\* also admitted in NY  
+ also admitted in CT  
' also admitted in PA  
• also admitted in RI

400 CROWN COLONY DRIVE  
SUITE 200  
QUINCY, MASSACHUSETTS 02169  
TELEPHONE (617) 773-5500  
FACSIMILE (617) 773-5510  
WEBSITE: www.flynnassoc.com  
E-MAIL: mbflynn@flynnassoc.com

OF COUNSEL:

DURKIN, McDONNELL,  
CLIFTON & O'DONNELL

PENOBSCOT BUILDING  
645 GRISWOLD STREET  
SUITE 3253  
DETROIT, MI 48226

TEL: (313) 963-3033  
FAX: (313) 963-3011

January 25, 2008

Michael Geary, Esq.  
Guilford Rail System  
Iron Horse Park  
North Billerica, MA 01862

RE: NEW ENGLAND CENTRAL RAILROAD, INC. v. SPRINGFIELD TERMINAL RAILWAY COMPANY, et al.  
U.S. District Court, Springfield, C.A. No.: 3:04 CV 30235

Dear Mike:

As you know, the B&M/ST/PAR's third payment under the *Settlement Agreement* dated December 7, 2007 is now seven (7) days overdue. Pursuant to para. 6 of the *Agreement*, my clients are now entitled to immediate payment of the liquidated damages described therein. More specifically, there is now due and owing $540,000.00 ($1,000,000.00 less the sum of the two payments which have been made in a timely fashion) plus interest running at the rate of 12% per annum from the date of the *Agreement* and continuing. As of today's date, there is currently owing $8,675.41 interest on the $540,000.00, bringing the total to $548,675.41.

Pursuant to para. 7 of the *Agreement*, my clients are now entitled to vacate the dismissal of this case and obtain judgment and execution for the full amount of liquidated damages plus accrued interest. Please be advised that my clients have instructed me to inform you that unless an acceptable resolution of this matter is not reached before 9:00 a.m. EST on Wednesday, January 30, we will then present to the court our judgment papers and obtain the execution.

I look forward to hearing from you. I await your response.

Sincerely,

Michael B. Flynn

MBF/peg  
cc: Daniel Hershman, Esq.  
Scott Williams, Esq.  
Robby Devin  
Charles Hunter  
Richard A. Davidson, Jr., Esq.

G:\F & A\CASE FILES\RAILAMERICA\New England Central\BM - STRC-Hartland\correspondence\attorney\1.25.08 Geary.Demand for Payment.doc